IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD S. DAVIS,

    Plaintiff,

v.

THE OREGON DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Civil No. 6:19-cv-00747-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge.

Plaintiff, an inmate at the Santiam Correctional Institution, brings this civil rights action *pro se*. Currently before the Court is Defendants' FRCP Rule 12 Partial Motion to Dismiss (ECF No. 18). On January 8, 2020, due to a clerical error, this Court issued a Findings and Recommendation (ECF No. 23) recommending that the Court should GRANT IN PART and FIND MOOT IN PART Defendants' Motion. In fact, all parties to this action have consented to allow a Magistrate Judge

to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). Accordingly, the January 8, 2020, Findings and Recommendation is hereby STRICKEN, and replaced with this Opinion and Order.

## BACKGROUND

Plaintiff alleges claims of deliberate indifference to a serious medical need, medical malpractice, and negligence against Defendants based upon his alleged release from custody without his prescribed anti-anxiety medication or instructions of where and how to continue his treatment. Plaintiff alleges he thereafter suffered a mental breakdown and was re-arrested within 19 days of his release. Defendants move to dismiss Plaintiff's claims against Defendant Oregon Department of Corrections as well as Plaintiff's claims of medical malpractice and negligence against Defendants Elliott and Hanson.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1) (2019).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject-matter jurisdiction the court resolves the motion as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Savage v.*

*Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). The court accepts the factual allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor, and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121. "If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (2019).

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2019). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I. Defendant Oregon Department of Corrections

Defendants move to dismiss Plaintiff's claims against the Oregon Department of Corrections based upon sovereign immunity, *i.e.*, that the Eleventh Amendment deprives federal courts of subject

matter jurisdiction over claims brought by private parties against a state, state agencies, or state officials acting in their official capacities unless the state has unequivocally consented to suit or Congress has expressly abrogated the state's Eleventh Amendment immunity. *See Will v. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). However, on September 10, 2019, District Judge Marco A. Hernández issued an Order to Dismiss in Part dismissing Plaintiff's claims against Defendant Oregon Department of Corrections based on sovereign immunity. Accordingly, the Court should FIND MOOT Defendants' Motion to Dismiss on this basis.

## II. Medical Malpractice and Negligence Claims

As noted, in addition to a claim of deliberate indifference, Plaintiff's Amended Complaint alleges claims of negligence and medical malpractice against Defendants Elliott and Hanson. However, mere negligence or malpractice is not a proper basis for § 1983 liability. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). To the extent Plaintiff seeks to allege a claim for negligence as an ancillary state law claim under the Oregon Tort Claims Act ("OTCA"), his claims against the defendants are barred by the Eleventh Amendment. The OTCA provides that the "sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment duties . . . is an action against the public body." Or. Rev. Stat. § 30.265(3). Thus, the State of Oregon must be substituted as the proper defendant in negligence claims against the individual defendants, and the Eleventh Amendment bars plaintiff from suing the State in this court. *See Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993); *Olson v. Or. Univ. Sys. ex rel. Pernsteiner*, No. CV 09–167–MO, 2009 WL 1270293, at *6–7 (D.Or. May 6, 2009) (holding that the plaintiff's negligence claim was barred because "Oregon must be

4 - OPINION AND ORDER -

substituted for the individually-named defendants" and the Oregon Tort Claims Act "does not explicitly waive immunity from suit in federal court"). Accordingly, the Court should GRANT Defendants' Motion to Dismiss Plaintiff's negligence and medical malpractice claims against Defendants Elliott and Hanson.

## **CONCLUSION**

For these reasons, the January 8, 2020, Findings and Recommendation (ECF No. 23) is hereby STRICKEN.

IT IS FURTHER ORDERED that Defendants' FRCP Rule 12 Partial Motion to Dismiss (ECF No. 18) is GRANTED IN PART, and FOUND MOOT IN PART. The Motion is FOUND MOOT to the extent that Defendants seek dismissal of Plaintiff's claims against the Oregon Department of Corrections. The Motion is GRANTED to the extent that Plaintiff's negligence and medical malpractice claims against Defendants Elliott and Hanson are DISMISSED. This action shall proceed solely upon Plaintiff's Eighth Amendment claims against Defendants Elliott and Hanson.

DATED this 14th day of January, 2020.

John V. Acosta
United States Magistrate Judge

5 - OPINION AND ORDER -